# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………   iii

PRELIMINARY STATEMENT…………………………………………..   1

FACTUAL BACKGROUND………..……………………………………   2

ARGUMENT……………………………………………………………….   2

POINT ONE………………………………………………………………..   2
    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO PLEAD WITH PARTICULARITY AS REQUIRED BY FED. R. CIV. P. 9(b)

POINT TWO……………………………………………………………….   5
    PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM FOR KNOWING PRESENTMENT OF A FALSE OR FRAUDULENT CLAIM IN VIOLATION OF 31 U.S.C. § 3729(a)(1)(A)

POINT THREE……………………………………………………………   10
    PLAINTIFF'S SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM FOR KNOWING USE OF A STATEMENT MATERIAL TO A FALSE OR FRAUDULENT CLAIM IN VIOLATION OF 31 U.S.C. 3729(a)(1)(B)

POINT FOUR……………………………………………………………   11
    PLAINTIFF'S THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM UNDER 31 U.S.C. 3729(a)(1)(C) FOR CONSPIRACY TO VIOLATE THE FALSE CLAIMS ACT

POINT FIVE……………………………………………………………   12
    PLAINTIFF'S FOURTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR COMMON LAW FRAUD WITH RESPECT TO MR. ALBINSON

POINT SIX………………………………………………………………  15
    PLAINTIFF'S FIFTH CAUSE OF ACTION FOR PAYMENT UNDER MISTAKE OF FACT FAILS TO STATE A CLAIM WITH RESPECT TO MR. ALBINSON

POINT SEVEN……………………………………………………………  16
    PLAINTIFF'S SIXTH CAUSE OF ACTION FOR UNJUST ENRICHMENT FAILS TO STATE A CLAIM WITH RESPECT TO MR. ALBINSON

POINT EIGHT……………………………………………………………  16
    PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO REPLEAD OR AMEND

CONCLUSION…………………………………………………………..  17

## **TABLE OF AUTHORITIES**

**STATUTES**

FED R. CIV. P. 9(b)…………………………………………….… 1-4

FED R. CIV. P. 12(b)……………………………………………… 1, 2

31 U.S.C. § 3729…………………………………………………… 2, 5-12

**FEDERAL CASES**

Allied Medical Associates v. State Farm Mutual Automobile Insurance Co., et al., 2009 U.S. Dist. LEXIS 33576 (E.D. Pa. April 20, 2009)... 3

In Re Intelligroup Securities Litigation, 527 F.Supp.2d 262 (D.N.J. 2007)…………………………………………………… 14

In Re Merrill Lynch & Co., Inc., 289 F.Supp.2d 416 (S.D.N.Y. 2003). 6

In re Zenith Laboratories Securities Litigation, 1993 U.S. Dist. LEXIS 18478, Fed. Sec. L. Rep. (CCH) P97617 (D.N.J. Feb. 11, 1993)….. 12

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192 (3d Cir. 1993)…………………………………….. 8

Prime Rate Premium Finance Corp. v. Charles S. Nenner Insurance Associates, Inc., 2007 U.S. Dist. LEXIS 52857 (E. Dist. Pa. 2007)… 13

United States ex rel Clausen v. Lab Corp. of Am., Inc., 290 F.3d 1301 (11th Cir. 2002)…………………………………… 9

United States ex rel. LaCorte v. Smith-Kline Beecham

Clinical Labs, Inc., 149 F.3d 227 (3d Cir. 1998)…………………   3

United States ex rel Miller v. Harbert, 505 F. Supp.2d 20

(D.C. District, 2007)……………………………………………   15

United States v. Bartlett, 234 F.R.D. 113 (W. Dist. Pa. 2006)……..   7, 10, 12

United States v. Grubbs, 565 F.3d 180(5th Cir., April 8, 2009)……   4, 6, 11

United States v. Karvelas, 360 F.3d 220 (1st Cir. 2004)……………   3, 6

Prime Rate Premium Finance Corp. v. Charles S. Nenner Insurance

Associates, Inc., 2007 U.S. Dist. LEXIS 52857 (E. Dist. Pa. 2007).   13

**STATE CASES**

Gennari v. Weicher Co. Realtors, 148 N.J. 582, 610 (1997)…….   12